UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BMO HARRIS BANK, N.A., ) | Case No. 2:15-cv-00593-JCM-NJK |
| Plaintiff(s), ) | |
| ) | ORDER GRANTING MOTION TO SERVE BY PUBLICATION AND MOTION TO ENLARGE TIME FOR SERVICE |
| vs. ) | |
| KENNETH R. ORCHARD, et al., ) | |
| Defendant(s). ) | (Docket Nos. 10, 11) |

Pending before the Court is Plaintiff's motion for leave to complete service by publication. Docket No. 10. Also pending before the Court is Plaintiff's motion to enlarge time for service. Docket No. 11. The Court finds the motions properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motions are hereby **GRANTED**.

I.     **MOTION FOR LEAVE TO COMPLETE SERVICE BY PUBLICATION**

The pending motion seeks leave to allow service by publication on Defendants Kenneth Raymond Orchard and Cheryl Kathleen Orchard. Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.–Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

. . .

Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected." Under Nevada Rule of Civil Procedure ("NRCP") 4, parties are required to personally serve summons and the complaint upon defendants. When personal service proves impossible, however, NRCP 4(e)(1)(i) provides that a party may file a motion for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." When service of the summons is made by publication, the summons shall, in addition to any special statutory requirements, also contain a brief statement of the object of the action. N.R.C.P. 4(b).

A party moving for service by publication must seek leave of court by filing an affidavit demonstrating he diligently attempted to personally serve the defendant. There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendants at their residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

Here, the Court finds that Plaintiff has diligently attempted to serve Defendants Kenneth Raymond Orchard and Cheryl Kathleen Orchard on multiple occasions at numerous addresses. *See* Docket No. 10 at 10-14. For example, Plaintiff hired a process server who attempted to serve Defendants at three residential addresses in Nevada, *Id.*, at 10-14. In total, Plaintiff attempted to serve Defendants on ten occasions. *See id.*, at 10-14. Moreover, the process server also attempted unsuccessfully to locate additional addresses for Defendants utilizing multiple databases and investigative sources. *Id.*, at 10-14. The Court will therefore permit Plaintiff to serve Defendants by publication.

**II.    MOTION TO ENLARGE TIME FOR SERVICE**

Plaintiff also requests additional time to complete service. Docket No. 11. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be

made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Here, service is supposed to be completed by July 29, 2015. *See* Docket No. 1. Plaintiff has shown that it is actively trying to pursue this litigation and, although it needs more time, has made several attempts to serve Defendants. *See* Docket No. 11. Therefore, good cause exists to extend the service deadline by 45 days.

### III. CONCLUSION

Accordingly, for the reasons discussed above,

IT IS SO ORDERED:

1. Plaintiff's motion for leave to complete service by publication (Docket No. 10) is hereby **GRANTED**.

2. Plaintiff shall comply with the requirements of Nevada Rule of Civil Procedure 4 and shall:

    (a) Serve Defendants Kenneth Raymond Orchard and Cheryl Kathleen Orchard by publication in a newspaper of general circulation in the State of Nevada on a weekly basis for a period of four weeks.

    (b) After publication is complete, Plaintiff shall file an Affidavit of Publication from the Nevada newspaper.

3. Plaintiff's motion to enlarge time for service (Docket No. 11) is hereby **GRANTED**. The Court hereby **EXTENDS** the time for Plaintiff to serve Defendants, pursuant to Federal Rule of Civil Procedure 4(m), by 45 days, to **September 14, 2015**.

DATED: June 22, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge